**LAW OFFICE OF IRENE KARBELASHVILI**
Irene Karbelashvili, State Bar Number 232223
Irakli Karbelashvili, State Bar Number 302971
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for RACHELLE RIDOLA, Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHELLE RIDOLA,<br><br>              Plaintiff,<br><br>vs.<br><br>VINCENT R. MAESTRI, in his individual and representative capacity as Trustee of THE VINCENT R. MAESTRI SURVIVORS TRUST; CHRISTINE MAESTRI HUTTINGER, an individual; ANGELA MAESTRI CALABRESE, an individual; ROBERT MAESTRI, an individual; E Z 8 MOTELS, INC., a California corporation, d/b/a E-Z8 MOTEL SAN JOSE II; and DOES 1 through 10, inclusive,<br><br>              Defendants | Case No. 5:16-cv-02526<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**<br><br><br>**DEMAND FOR JURY TRIAL** |

## I. SUMMARY

1. This is a civil rights action by Plaintiff Rachelle Ridola ("Ms. Ridola" or "Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as E-Z8 Motel San Jose II and located at or about 2050 North First Street, in San Jose, California, 95131.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*), and related California statutes, Ms. Ridola seeks damages, injunctive relief, and attorney fees and costs, against Vincent R. Maestri, in his individual and representative capacity as Trustee of the Vincent R. Maestri Survivors Trust; Chrisitine Maestri Huttinger, an individual; Angela Maestri Calabrese, an individual; Robert Maestri, an individual; E Z 8 Motels, Inc., a California corporation, d/b/a E-Z8 Motel San Jose II; and Does 1 through 10, inclusive.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

5. Ms. Ridola's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2(c) this case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## V. PARTIES

8. Vincent R. Maestri, in his individual and representative capacity as Trustee of the Vincent R. Maestri Survivors Trust; Chrisitine Maestri Huttinger, an individual; Angela Maestri Calabrese, an individual; Robert Maestri, an individual; E Z 8 Motels, Inc., a California corporation, d/b/a E-Z8 Motel San Jose II; and Does 1 through 10, inclusive, (hereinafter alternatively collectively referred to as "Defendants") own, operate, manage, and/or lease a public accommodation known as E-Z8 Motel San Jose II ("Motel"), located at or about 2050 North First Street, in San Jose, California, 95131.

9. Plaintiff is informed and believes that each of the Defendants, Does 1-10, inclusive, is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

10. The true names and capacities of Defendants Does 1 through 10, inclusive, are unknown to Ms. Ridola who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants herein designated as a "Doe" is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

11. Ms. Ridola is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Ms. Ridola has been partially paralyzed since 2013 as a result of a brain aneurism and a stroke. She possesses a disabled parking placard issued by the State of California. Plaintiff is, and at all times relevant hereto was, a resident of San Jose, California.

# VI. FACTS

12. The Motel with all its facilities is a public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(A), and California civil rights laws. Cal. Civ. Code §§ 51 *et seq*. Motel is open to the public, is intended for nonresidential use, and its operation affects commerce.

13. At all times mentioned herein, Ms. Ridola has been a qualified disabled person under the ADA due to a stroke and a brain aneurism. Her disability requires her to use a wheelchair for mobility. She is unable to use portions of public facilities which are not accessible to wheelchair users. Ms. Ridola had recently been wrongfully evicted from her home. While she was looking for permanent housing, Ms. Ridola was forced to stay at various motels and inns. Ms. Ridola stayed at the Motel many times over the past two years including the November 27, 2015- December 9, 2015 period. She stayed in the following rooms: 123, 122, 134,136 and 192. During her stay, Ms. Ridola was forced to navigate behind parked cars, risking being hit by a backing out vehicle, because there was no access from the parking lot to the path of travel. Also, none of the rooms that Ms. Ridola stayed in were ADA compliant even though each time when she checked in, she requested an ADA room and complained about the rooms that she was offered. Moreover, all of the rooms had a high threshold and Ms. Ridola was not able to overcome it without assistance. Bathrooms in all rooms are not a wheelchair accessible. Consequently, Ms. Ridola was unable to use the bathroom without assistance. Also, there was no access between the rooms, nor was there access to the reception. Lastly, there was no path to the laundry room.

14. Even with these aforementioned issues, Ms. Ridola still preferred to stay at the Motel because rooms there were affordable. The barriers personally encountered by Ms. Ridola caused her difficulties, discomfort and embarrassment.  Ms. Ridola was not provided full and equal access to the goods and services offered by the Motel and ultimately she was left feeling like a second class citizen.

15. Plaintiff believes that further complaining about these barriers to Defendants will not lead to any form of reasonable accommodation and only through legal action will Plaintiff be provided full and equal access.

16. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of Defendants' premises. While he could not

make detailed measurements, he determined that this Motel was also inaccessible in multiple other ways, including, but not limited to, the following:

- No tow away signs
- Parking signs are wrong
- Access aisle is white
- No "*NO PARKING*" stamped
- Front office door is heavy
- Front office door is fast closing
- Reception counter is high

17. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

18. Ms. Ridola also encountered barriers at Motel which violate state and federal law, but were unrelated to her disability. Nothing within this complaint, however, should be construed as an allegation that Ms. Ridola is seeking to remove barriers unrelated to her disability.

19. Defendants knew that these elements and areas of the Motel was inaccessible, violates state and federal law, and interfere with or deny access to the disabled. Moreover, Defendants have the financial resources to remove these barriers from Motel without much difficulty or expense, and make Motel accessible to the disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

20. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Motel to remove impediments to access for wheelchair users and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24

regulations. Defendants have not removed such impediments and have not modified their property to conform to accessibility standards. Defendants have intentionally maintained the Motel in its current condition and have intentionally refrained from altering the Motel so that it complies with the accessibility standards.

21. Ms. Ridola further alleges that the continued presence of barriers at the Motel is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Motel and its facilities; conscientious decision to the architectural layout as it currently exists at the Motel; decision not to remove barriers from the Motel; and allowance that the Motel continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that Defendants are not in the midst of a remodel, and that the barriers present at the Motel are not isolated or temporary interruptions in access due to maintenance or repairs.

### VII. FIRST CLAIM

**Americans with Disabilities Act of 1990**
**(TITLE III USC §12101 *et seq.*)**
**Denial of "Full and Equal" Enjoyment and Use**
**(Against All Defendants and Each of Them)**

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

24. Defendants discriminated against Ms. Ridola by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Motel.

**Failure to Remove Architectural Barriers in an Existing Facility**

25. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

26. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v).

27. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at Motel without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

28. In the alternative, if it was not "readily achievable" for Defendants to remove Motel' barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

**Failure to Design and Construct an Accessible Facility**

29. On information and belief, the Motel was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

30. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

31. Here, Defendants violated the ADA by designing or constructing or both the Motel in a manner that was not readily accessible to the physically disabled public, including Ms. Ridola, when it was structurally practical to do so.

**Failure to Make an Altered Facility Accessible**

32. On information and belief, the Motel was modified after January 26, 1992, independently triggering access requirements under the ADA.

33. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the

7

maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

34. Here, Defendants altered the Motel in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Ms. Ridola, to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

35. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

36. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Motel, when these modifications were necessary to afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

37. Plaintiff seeks all relief available under the ADA *i.e.*, injunctive relief, attorney fees, costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

### VIII. SECOND CLAIM

**Disabled Persons Act**
(**California Civil Code § 54** *et seq.*)

**(Against All Defendants and Each of Them)**

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 37 of this Complaint, and incorporates them herein as if separately repled.

39. The Motel is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

40. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways,

public buildings, public facilities, and other public places. California Civil Code § 54.

41. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

42. The CDPA also provides that a violation of the ADA is a *per se* violation of CDPA, California Civil Code § 54.1(d).

43. Defendants have violated the CDPA by, *inter alia*, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to her disability.

44. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3, Plaintiff prays for judgment as set forth below.

## IX. THIRD CLAIM

### Unruh Civil Rights Act
### (California Civil Code §51 *et seq.*)

### (Against All Defendants and Each of Them)

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 44 of this Complaint, and incorporates them herein as if separately repled.

46. Motel is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

47. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

48. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

49. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Motel.

50. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state

Complaint for Preliminary and Permanent Injunctive Relief and Damages
9

accessibility regulations and the ADA.

51. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## X. PRAYER FOR RELIEF

WHEREFORE, Ms. Ridola prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.[1]

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.

Dated: May 10, 2016        /s/ *Irene Karbelashvili*
                           Irene Karbelashvili, Attorney for Plaintiff
                           RACHELLE RIDOLA

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: May 10, 2016        /s/ *Irene Karbelashvili*
                           Irene Karbelashvili, Attorney for Plaintiff
                           RACHELLE RIDOLA

---

[1] Plaintiff does not seek relief under Civ. Code §55